IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PEOPLE'S UNITED EQUIPMENT FINANCE CORP., | ) ) | CASE NO. 5:11CV1887 |
| | ) | MAGISTRATE JUDGE |
| Plaintiff, | ) ) | KATHLEEN B. BURKE |
| v. | ) ) | |
| | ) | **MEMORANDUM OPINION AND** |
| BENCIN TRUCKING, INC., | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY** |
| Defendant. | ) | **JUDGMENT** |

This matter is before the Court on Plaintiff People's United Equipment Finance Corp.'s ("PUEFC") motion for partial summary judgment.  Doc. 40.  PUEFC moves for judgment as a matter of law on Count One of the Complaint against Defendant Bencin Trucking, Inc. ("BTI") for the total amount of $1,015,931.13, plus interest.  BTI has not opposed this motion.  *See* Docket.  For the following reasons, PUEFC's motion for partial summary judgment is GRANTED.

**I.  Factual Background**

On or about October 13, 2010, BTI executed and delivered to PUEFC a Promissory Note in the original amount of $1,849,660 (the "PUEFC Note").  Doc. 40, Affidavit of Gary L. Pace ("Pace Aff."), Exhibit A - PUEFC Note.  Pursuant to the terms of the PUEFC Note, BTI agreed to pay all installment payments in a timely manner as they came due and, in the event legal action was necessary to collect sums due from it, BTI agreed to pay all of PUEFC's attorneys' fees and expenses.  Pace Aff., at ¶ 3.

To secure its obligations under the PUEFC Note, BTI executed and delivered to PUEFC a Security Agreement dated October 13, 2010 and Schedule A annexed thereto (collectively, the "Security Agreement").  Pace Aff., Exhibit B – Security Agreement.  Pursuant to the Security

1

Agreement, BTI granted to PUEFC: (i) a specific security interest in, to and against the property listed on Schedule A of the Security Agreement (collectively, the "Vehicles and Equipment") and (ii) a general security interest in, to and against "all goods, inventory, equipment, [etc.]" of BTI (collectively, the "Blanket Collateral").  Pace Aff., at ¶ 5.  PUEFC properly perfected the security interests granted to it by BTI in, to and against the Vehicles and the Blanket Collateral. Pace Aff., at ¶ 6; Exhibit C - UCC financing statements and certificates of title.

As a result of BTI's failure to make installment payments due on the PUEFC Note as and when due, along with other defaults under the Security Agreement and other agreements (collectively, the "PUEFC Loan Documents"), PUEFC, on July 11, 2011, exercised its right to accelerate the balance due under the PUEFC Note and demanded immediate payment of all monies owed by BTI.  Pace Aff., at ¶ 7, Exhibit D – demand letter dated July 11, 2011.  Despite this demand, PUEFC received no payment from BTI.  Pace Aff., at ¶ 8.

On September 7, 2011, PUEFC filed its Complaint against BTI, asserting claims for monetary judgment (Count One), replevin (Count Two), and foreclosure of the Vehicles and Equipment (Count Three).  Doc. 1.  At the same time, PUEFC moved for an Order of Possession regarding the Vehicles and Equipment.  Doc. 4.  As a result of negotiations between the parties, a Modified Stipulated Order of Possession was entered on October 6, 2011.  Doc. 17.

On December 8, 2011, PUEFC filed a Notice of Disposition of Collateral, which had been sent to BTI, other known and potential creditors of BTI, and approximately 45 persons and entities that customarily use, buy or sell the type of collateral subject to the Order of Possession, thereby noticing the date, time and location that such collateral was to be sold via public sale (the "Public Sale").  Doc. 36.  The Public Sale was conducted on December 15, 2011.  Pace Aff., at ¶¶ 10-11.  As of that date, the amount due and owed by BTI to PUEFC on the PUEFC Note was

$1,393,898.66, plus attorneys' fees, legal expenses and interest.  Pace Aff., at ¶ 12.  The Public Sale resulted in net sale proceeds in the aggregate amount of $457,410.45, which were insufficient to satisfy BTI's monetary default.  Pace Aff., at ¶¶ 10-11.  As such, a deficiency balance in the amount of $936,488.21 remained as of the date of the Public Sale, plus attorneys' fees, legal expenses, and continuing interest.  Pace Aff., ¶ 13.

The PUEFC Note and the Security Agreement provide that interest will accrue after maturity, whether by acceleration or otherwise, at the maximum lawful daily rate, not to exceed 0.0666% per day until paid in full.  Pace Aff., ¶ 14.  Multiplying the daily rate of 0.0666% by 360 days, as set forth in the PUEFC Note and the Security Agreement, yields an annual rate of 23.97%.  Pace Aff., ¶ 14.  Thus, pre-judgment interest has accrued at the rate of 23.97% per annum from December 15, 2011 through February 23, 2012 in the amount of $43,702.78, with a per diem of $624.33 continuing thereafter.  Pace Aff., ¶ 14.  Moreover, PUEFC incurred attorneys' fees in the amount of $33,504.10 and related legal expenses in the amount of $2,236.04 through January 31, 2012, in collecting the amounts due and enforcing its rights under the PUEFC Loan Documents.  Pace Aff., ¶ 15.

As of February 23, 2012, the total amount due and owed by BTI to PUEFC pursuant to the PUEFC Loan Documents is $1,015,931.13, plus per diem interest of $624.33.  Pace Aff., ¶ 16.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law."  Fed.R.Civ.P. 56.  Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely

3

disputed must support the assertion" by citing to "materials in the record," including depositions, documents, affidavits, stipulations, and electronically stored information.  Fed.R.Civ.P. 56(c)(1)(A).  After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  "The 'mere possibility' of a factual dispute is not enough."  *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1986).  In order to defeat a motion for summary judgment, the non-moving party must present significant probative evidence that supports its position.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although the Court generally may grant unopposed motions, see Local Rule 7.2(g), it cannot grant a motion for summary judgment solely because the non-moving party has failed to respond to the motion.  *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005).  Even in such a case, Rule 56 requires a court to determine that the moving party has demonstrated the absence of a disputed question of material fact and a right to relief as a matter of law.  *Id.*  That is not to say, however, that the court must do the work of the non-responding, non-moving party. "[W]here the non-moving party fails to respond to the motion for summary judgment, the trial court is under no obligation to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'"  *In re St. Clair Clinic, Inc.*, No. 94–3943, 1996 U.S. App. LEXIS 1416, at *2 (6th Cir. Jan. 8, 1996) (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir. 1989)).  Instead, the court may rely upon the facts presented and designated by the moving party.  *Id.* (quoting *Guarino v. Brookfield Township Trustees*, 980 F.2d

4

399, 404 (6th Cir. 1992))).  If those facts establish the moving party's entitlement to judgment as a matter of law, the Court may properly grant summary judgment.  *See* Fed.R.Civ.P. 56(e)(3).

### III.  Discussion

In this case, PUEFC is entitled to summary judgment on its monetary judgment claim against BTI.  PUEFC has presented sufficient evidence, in the form of the affidavit of Gary Pace, the Vice Present of PUEFC, to satisfy its burden under Rule 56.  As set forth above, PUEFC has established that BTI executed and delivered to PUEFC a Promissory Note in the original amount of $1,849,660.  Pace Aff., at ¶ 3.  To secure its obligations under the PUEFC Note, BTI executed and delivered to PUEFC a Security Agreement that granted PUEFC security interests in certain vehicles and collateral, which interests PUEFC properly perfected.  Pace Aff., at ¶¶ 5-6.  BTI failed to make installment payments on the PUEFC Note as and when the payments were due.  Pace Aff., at ¶ 7.  As a result of BTI's default, PUEFC commenced this action and eventually obtained possession of the collateral pursuant to the Modified Stipulated Order of Possession.  Doc. 17.  On December 15, 2011, PUEFC sold the collateral at a public sale for $457,410.45, which was insufficient to satisfy BTI's monetary default.  Pace Aff., at ¶¶ 10-11.  As of the date of the public sale, the amount due and owed by BTI on the PUEFC Note was $1,393,898.66, plus attorneys' fees, legal expenses and interest.  Pace Aff., at ¶ 12.  Thus, a deficiency balance in the amount of $936,488.21 remained as of the date of the public sale, plus attorneys' fees, legal expenses, and interest.  Pace Aff., at ¶ 13.  As of February 23, 2012, the total amount due and owed by BTI to PUEFC, including attorneys' fees, legal expenses and interest, was $1,015,931.13, plus continuing per diem interest of $624.33.  Pace Aff, at. ¶ 14.

Based on the foregoing, PUEFC has met its initial burden of showing that there are no genuine issues of material fact in dispute.  The burden therefore shifts to BTI to present specific

facts demonstrating that there is a genuine issue for trial. BTI has not met its burden in this case. BTI has failed to set forth any evidence whatsoever to establish the existence of a genuine issue of material fact for trial. Thus, pursuant to Rule 56, PUEFC is entitled to judgment as a matter of law against BTI on Count One of the Complaint.

### IV. Conclusion

For the reasons set forth above, PUEFC's motion for partial summary judgment is GRANTED. Doc. 40. Accordingly, Judgment is rendered in favor of Plaintiff PUEFC and against Defendant BTI on Count One of the Complaint in the amount of $1,059,634.23, which is $1,015,931.13 (the total amount due and owed to PUEFC as of February 23, 2012) plus $43,703.10 in additional pre-judgment interest (calculated at $624.33 per day for 70 additional days). Because the remaining Counts Two and Three of the Complaint (replevin and foreclosure of vehicles and equipment) were resolved with the entry of the Modified Stipulated Order of Possession (Doc. 17), this case is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: May 3, 2012

Kathleen B. Burke
United States Magistrate Judge